UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:24-CV-00092-BJB-HBB

**CLAY MANNING GUNKEL**                                                                    **PLAINTIFF**

**VS.**

**HUUUGE, INC., et al.**                                                                           **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is a motion by Plaintiff Clay Gunkel for jurisdictional discovery (DN 31). Defendants Huuuge, Inc., and Huuuge Global, Ltd., ("Huuuge") have collectively filed a response at DN 32 and Plaintiff has replied at DN 35.

### Nature of the Case

Huuuge "develops and publishes mobile and online video games, including the free-to-play social casino-themed games at issue here" (DN 21-1, p. 2). Plaintiff filed the complaint against Huuuge in federal court concerning a Kentucky gambling statute related to the social casino-themed games (DN 1). Plaintiff is a resident of Kentucky (*Id.* at p. 5). Huuuge, Inc., is incorporated in Delaware and headquartered in Nevada (DN 21-1, pp. 2-3; DN 1, p. 6). Huuuge Global, Ltd., is a foreign corporation of Cyprus (DN 21-1, p. 2).

Huuuge filed its motion to dismiss for lack of personal jurisdiction on January 31, 2025 (DN 21) to which Plaintiff now moves for additional discovery concerning Huuuge's contacts with Kentucky (DN 31). Plaintiff seeks discovery of direct communications between Huuuge and

individual customers in Kentucky via telephone, email, text message, and direct messaging through targeted ads inside their apps (*Id.* at p. 1).

## Applicable Law

As the Supreme Court explained, "it is familiar law that a federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628 (2002). "District courts have the power to order the discovery of facts necessary to determine their jurisdiction over the merits." *Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd*, 722 F. App'x 870, 878 (11th Cir. 2018) (citation omitted). "Where there is no reasonable basis to expect that further discovery would reveal contacts sufficient to support personal jurisdiction it is not an abuse of discretion to deny discovery." *Booth v. Verity, Inc.*, 124 F. Supp. 2d 452, 457 (W.D. Ky. 2000).

Jurisdictional discovery is not unlimited. "While courts should grant discovery when necessary for a plaintiff to establish his claim, a plaintiff may not engage in a fishing expedition untethered from the legal claims at issue." *Integrity Express Logistics, LLC v. Borstelmann*, No. 1:23-CV-166, 2023 U.S. Dist. LEXIS 188094, at *6 (S.D. Ohio Oct. 19, 2023) (citation omitted). Thus, discovery must relate to the jurisdictional inquiry and be proportional to the needs of the case. *Id.;* FED. R. CIV. P. 26.

## Discussion

Huuuge contends that Plaintiff's request for jurisdictional discovery is a fishing expedition based on mere belief of the social casino game industry custom that does not give a reasonable basis to expect that discovery would reveal evidence that supports jurisdiction (DN 32, pp. 1-2). Huuuge believes that Plaintiff must offer a factual basis that the Court would reasonably believe lead to the discovery of relevant evidence to support jurisdiction (*Id.*). Plaintiff need not show that

2

discovery would likely lead to evidence that Huuuge would be subject to personal jurisdiction, only that the discovery requested would lead to "facts necessary to determine [the Court's] jurisdiction." *Integrity Express Logistics, LLC*, 2023 U.S. Dist. LEXIS 188094, at *9 (quoting *Aviation One of Fla., Inc.*, 722 F. App'x at 878).

Plaintiff alleges that Huuuge "has significant additional contacts with Kentucky that are currently unknown but easily discoverable" direct communications to Kentucky customers (DN 31, p. 1). "[C]ourts are to provide assistance by allowing jurisdictional discovery unless their claims are 'clearly frivolous.'" *Mayfield Consumer Prods., LLC v. Int'l Grp.*, No. 5:23-CV-00101-BJB-LLK, 2025 U.S. Dist. LEXIS 38890, at *6 (W.D. Ky. Mar. 4, 2025) (citation omitted). Huuuge admits that Kentucky residents can play and spend money on its social casino games through an internet browser (DN 21-1, p. 2). Plaintiff's claims are not clearly frivolous, as Huuuge's contacts (or lack thereof) with Kentucky customers is relevant to determine personal jurisdiction. *See Hume v. Universal Music Grp., Inc.,* No. 3:24-CV-00746, 2024 U.S. Dist. LEXIS 220346 (M.D. Tenn. Dec. 5, 2024) (court granted discovery to determine which subsidiary had distributed the copyrighted material even though plaintiff could only identify that the named defendant was not the infringer); *but cf. Integrity Express Logistics, LLC*, 2023 U.S. Dist. LEXIS 188094, at *8-9 (court limited discovery to factual allegations rather than industry custom to avoid a fishing expedition).

"[T]he scope of discovery is a matter committed to the district court's sound discretion." *Theunissen v. Matthews*, 935 F.2d 1454, 1465 (6th Cir. 1991). Therefore, because it is reasonable that discovery would reveal contacts with Kentucky customers to support personal jurisdiction, Plaintiff may engage in discovery to resolve the jurisdictional question.

**WHEREFORE**, the motion of Plaintiff Clay Gunkel for limited jurisdictional discovery, DN 31, is **GRANTED**.

H. Brent Brennenstuhl
United States Magistrate Judge

May 1, 2025

Copies: Counsel